UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

OHIO CASUALTY INSURANCE COMPANY,

    Plaintiff,

v.

STONERIDGE DEVELOPMENT CORPORATION, et al.,

    Defendants.

CASE NO. C04-1991JLR

ORDER

## I. INTRODUCTION

This matter comes before the court on the motion of Plaintiff Ohio Casualty Insurance Company ("Ohio Casualty") for partial judgment under Fed. R. Civ. P. 54(b). (Dkt. # 27). For the reasons stated below, the court DENIES Ohio Casualty's motion.

## II. BACKGROUND & ANALYSIS

In a previous order, the court granted summary judgment that Ohio Casualty was entitled to a collateral reserve of $4,012,000 to cover claims against Defendant StoneRidge Development Corporation ("StoneRidge"). The court also held that Defendants Steve and Lisa Spady were liable for the same amount under the terms of a guaranty they executed on StoneRidge's behalf. In a subsequent minute order, the court declined to enter Ohio Casualty's proposed judgment, and directed Ohio Casualty to file a motion for partial judgment under Fed. R. Civ. P. 54 ("Rule 54").

ORDER – 1

Under Rule 54(b), the court can enter a "final judgment as to one or more but fewer than all of the claims" in an action involving multiple claims if it determines "that there is no just reason for delay." The rule authorizes the court to enter judgments that dispose of fewer than all of the claims in an action, but that are "final" as to the claims that the judgment terminates. The rule thus raises questions of judicial economy, as it raises the possibility of multiple final judgments, and multiple appeals. See Gausvik v. Perez, 392 F.3d 1006, 1009 n.2 (9th Cir. 2004) ("[I]n the interest of judicial economy Rule 54(b) should be used sparingly.").

Ohio Casualty misinterprets Rule 54(b) by assuming that it permits the court to enter partial judgments that are neither final nor appealable. This is a misunderstanding of the rule. The Federal Rules of Civil Procedure do not permit "non-final" judgments that are insulated from appeal.

In this case, the nature of the partial judgment sought combined with the potential for multiple judgments leads the court to conclude that a partial judgment is inappropriate. The contract clause underlying the court's summary judgment order merely permits Ohio Casualty to collect a collateral reserve and hold it pending the outcome of actions taken against the StoneRidge bonds. The actions against the StoneRidge bonds are ongoing. Thus, whereas Ohio Casualty is merely entitled to hold the collateral reserve under the contract, the judgment it seeks would give it the unfettered right to collect more than four million dollars from the Plaintiff. The Federal Rules of Civil Procedure provide remedies for securing money for a potential judgment in advance of final judgment. Rule 54 is not one of those remedies.

Defendants concede that Ohio Casualty has expended just over a million dollars in satisfying claims against the StoneRidge bonds, and concede that Ohio Casualty will ultimately be entitled to judgment for at least that sum. The court, however, declines to

ORDER – 2

award piecemeal judgments each time Ohio Casualty incurs expenses under the bonds. See Gausvik, 392 F.3d at 1009 n.2 (noting that Rule 54(b) "was not meant to displace the 'historic federal policy against piecemeal appeals.'") (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 438 (1956)).  That strategy would not serve judicial economy.  At some point, claims against the StoneRidge bonds will end.  At that time, Ohio Casualty may seek a final judgment.

### III. CONCLUSION

For the foregoing reasons, the court DENIES Ohio Casualty's motion for partial judgment. (Dkt. # 27).

Dated this 9th day of May, 2005.

JAMES L. ROBART
United States District Judge

ORDER – 3