UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

OHIO CASUALTY INSURANCE COMPANY,

    Plaintiff,

v.

STONERIDGE DEVELOPMENT CORPORATION, et al.,

    Defendants.

CASE NO. C04-1991JLR

ORDER

## I. INTRODUCTION

This matter comes before the court on the motion of Plaintiff Ohio Casualty Insurance Company ("Ohio Casualty") for summary judgment. (Dkt. # 33). For the reasons stated below, the court GRANTS Ohio Casualty's motion to the extent it seeks summary judgment, but DENIES it to the extent it seeks a final judgment.

## II. BACKGROUND & ANALYSIS

In a previous order, the court granted summary judgment that Ohio Casualty was entitled to a collateral reserve of $4,012,000 to cover claims against Defendant StoneRidge Development Corporation ("StoneRidge"). The court also held that Defendants Steve and Lisa Spady were liable for the same amount under the terms of a guaranty they executed on StoneRidge's behalf. Later, the court declined to enter a partial judgment for Ohio Casualty. (Dkt. # 30). In the order denying partial judgment,

ORDER – 1

the court noted the historic policy against piecemeal judgments and remarked that "[a]t some point, claims against the StoneRidge bonds will end. At that time, Ohio Casualty may seek a final judgment." (Dkt. # 30 at 4).

Ohio Casualty now moves for summary judgment again, and asserts that the resolution of that motion will entitle them to final judgment. When it previously requested judgment, Ohio Casualty sought just over a million dollars for money it had already expended on claims against the bonds at issue, and just over four million dollars in collateral as a reserve against expected future claims. Now, Ohio Casualty seeks just over 3.5 million dollars for funds it has already expended, and just over 1.9 million dollars in collateral. In other words, Ohio Casualty uses this motion to undo the court's prior summary judgment order, restate its motion for partial judgment, and adjust its figures to reflect changes in the status of the case. There are still pending claims against the bonds, and this action is still not final.

The court grants Ohio Casualty's summary judgment motion, but declines to enter final judgment. Summary judgment is appropriate because Defendants do not dispute their liability and do not dispute Ohio Casualty's calculation of the amounts they owe. This action, however, is not over. Ohio Casualty sued to establish Defendants' liability under the StoneRidge bonds, the associated indemnity agreements, and the individual Defendants' guaranty of obligations under the indemnity agreements. As Ohio Casualty's summary judgment motions conclusively demonstrate, the amount of Defendants' liability is still uncertain, as it continues to adjust the amount of liability as claims against the bonds continue to accrue. If Ohio Casualty is willing to forego its right to further adjust its loss reserves under the bond indemnity agreements, and to forego its right to further litigation to establish the amounts owing under the bonds, then Ohio Casualty

ORDER – 2

could impose finality on this action. Because they have not done so, final judgment is inappropriate.

Before concluding, the court directs Ohio Casualty to the court's order denying its motion for preliminary injunction. There, the court noted that if "Ohio Casualty seeks a prejudgment 'hold' on Defendants' assets, it must seek attachment or another prejudgment remedy." (January 10, 2005 Order, Dkt. # 16). The court reiterates that instruction.

### III. CONCLUSION

For the foregoing reasons, the court GRANTS Ohio Casualty's motion for summary judgment (Dkt. # 33), but DENIES Ohio Casualty's request for final judgment.

Dated this 22nd day of July, 2005.

JAMES L. ROBART
United States District Judge

ORDER – 3